FILED
2008 Sep-30 PM 02:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

DAVID R. LONG,

_____Plaintiff,

vs. CASE NO. CV-08-J-0704-NE

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

Defendant.

**MEMORANDUM OPINION**

This matter is before the court on the record and briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner denying the plaintiff benefits. All administrative remedies have been exhausted.

The plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income payments on March 28, 2005 (R. 41-47, 315-17) (protective filing date), alleging an inability to work due to continuous back and leg pain (R. 336-40). The plaintiff alleged a disability onset date of November 3, 2004 (R. 42). The application was denied initially (R. 34) and again by an Administrative Law Judge on December 30, 2006 (R. 18-29). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R.

4-6).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence, and that the proper legal standards were applied in reaching that decision.

The evidence before the court reveals that the plaintiff does suffer from ongoing back problems and leg pain, but no physician, treating or otherwise, has stated that the plaintiff is completely unable to work. The records of Dr. James C. O'Brien, plaintiff's treating physician, provide that the plaintiff was prescribed pain medications to assist with a pain control treatment plan (R. 283). From July 2005 to June 2006, Dr. O'Brien frequently restricted the plaintiff from lifting over twenty pounds (R. 303-13). Dr. O'Brien also restricted the plaintiff from carrying, crawling, bending, or kneeling (R. 308). On the plaintiff's last recorded visit to Dr. O'Brien, he stated that the plaintiff was on a "very low dose of pain medication," and the plaintiff wanted to retire because he was "not motivated to return to work" (R. 303). The plaintiff's treatment plan for this visit included: "pain management control," "rehabilitation for career change," encouragement "to ambulate to pain," and

encouragement "to be as active as possible" (R. 303).

Dr. Vijay Jampala examined the plaintiff upon request from Alabama Disability Determination Services and concluded that he had "subjective symptoms but no evidence of any objective findings," and that he was "healthy" (R. 261-63). Dr. Jampala also noted that the plaintiff "has no problem with gait," and that "[h]e doesn't need any assistive device" (R. 263). At the hearing before the ALJ, the plaintiff testified that he is able to sweep, vacuum, drive an automobile, and shop at the grocery store for himself (R. 333, 336). The plaintiff also stated that his mother operated a trailer park, but he did not help her with any work related to such business (R. 348). Dr. O'Brien's records, however, provided that the plaintiff "help[s] his parents run a trailer park doing maintenance work" (R. 304).

The vocational expert testified that the plaintiff could perform a number of light and unskilled jobs, including inspector, electrical accessories assembler, and labeler (R. 357). The vocational expert further stated that the plaintiff's past experience as a store owner "would result in skills that would transfer to other manager jobs," and those manager jobs would be light level jobs (R. 355).

Based upon the record as a whole, the ALJ found that the plaintiff has "the residual functional capacity to engage in work-related activities at the light level of exertion" (R. 27).

Given the evidence presented to the ALJ and this court, the court cannot conclude that the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

**DONE** and **ORDERED** this 30th day of September 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE